IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PAUL SAMUEL ROMERO,

    Plaintiff,

v.                                                                               No. 17-CV-00472-NF-KHR

NEW MEXICO DEPARTMENT OF
CORRECTIONS, JANE & JOHN DOES,

    Defendants.

## MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. §§ 1915(e)(2) and 1915A, on Plaintiff Paul Saul Romero's Prisoner's Civil Rights Complaint [Doc. 1] and Affidavit To Show Cause Why Plaintiff Should Be Excused From Making Designated Payments [Doc. 8]. Plaintiff is incarcerated, appears pro se, and is proceeding *in forma pauperis*. For the reasons explained below, the Court finds Plaintiff has shown good cause to excuse submission of the initial partial payment of $34.54. The Court further finds Plaintiff's complaint fails to state a claim on which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b) and, therefore, Plaintiff's complaint is dismissed and Plaintiff is granted thirty (30) days to file an amended complaint.

### I.    BACKGROUND

    On April 19, 2017, Plaintiff filed a Prisoner's Civil Rights Complaint against the New Mexico Department of Corrections and unidentified Correctional Employees Jane and John Does, 1-10. [Doc. 1 at 1] Plaintiff alleges that he "was mistakenly classified as a parolee in February of 2015 when in fact he finished his parole in 2012." [Doc. 1 at 2] As a direct result of

this mistaken classification, Plaintiff alleges that he was "sent back to prison erroneously," although he was "immediately released by [the Department of Corrections] when this error came to light." [Doc. 1 at 2, 4] Plaintiff seeks compensatory and punitive damages for the alleged violation of his rights under the United States Constitution. [Doc. 1 at 5]

On May 9, 2017, the Court granted Plaintiff's Application To Proceed In District Court Without Prepaying Fees or Costs pursuant to 28 U.S.C. § 1915 and ordered Plaintiff to submit an initial partial payment of $34.54 pursuant to § 1915(b)(1)(A). [Doc. 5] The Court notified Plaintiff that it would not review the merits of his Prisoner's Civil Rights Complaint unless the initial partial payment is paid or excused. [Doc. 5 at 2] On June 8, 2017, Plaintiff sought to excuse the initial partial payment because Kate Aldrich, Fiscal Programs Supervisor at the Metropolitan Detention Center (MDC), refused to honor his request for submission of the initial partial payment. [Doc. 6] The Court declined to excuse submission of the initial partial payment because Plaintiff's "unsworn 'Affidavit' was not subscribed as true under penalty of perjury." [Doc. 7] The Court granted Plaintiff thirty days in which to submit the previously ordered initial partial payment of $34.54 or to produce some admissible evidence, such as "a factual statement subscribed as true under penalty of perjury in accordance with 28 U.S.C. § 1746." [Doc. 7 at 2] In response, Plaintiff submitted an affidavit, sworn under penalty of perjury, in which he averred that he "formally requested a check in the amount of $34.54 be sent to the Clerk of this Honorable Court," but it was returned by Kate Aldrich with his inmate request "clearly indicating her refusal to comply." [Doc. 8 at 2] Attached to Plaintiff's affidavit was a copy of his Inmate Request Form, asking the "Cash Accounting" department to submit a check in the amount of $34.54 to the federal court. [Doc. 8 at 3] Also attached to Plaintiff's affidavit was Kate Aldrich's response, indicating that she was "unable to comply w/ request." [Doc. 8 at 4]

2

## II. DISCUSSION

The Court first will consider whether to excuse submission of the initial partial payment under 28 U.S.C. § 1915(b)(1) and then will proceed to screen Plaintiff's complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A.

*A.  The Initial Partial Payment Will Be Excused*

Plaintiff has submitted an affidavit, sworn under penalty of perjury, in which he details his attempts to comply with the Court's order requiring him to submit an initial partial payment in the amount of $34.54. [Doc. 8]. Attached to Plaintiff's sworn affidavit is a copy of his Inmate Request Form and a copy of the MDC Fiscal Program Supervisor's statement that she is "unable to comply w/ [Plaintiff's] request." [Doc. 8]. In light of this evidence, the Court will excuse submission of the initial partial payment and address the merits of Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Plaintiff is reminded that, although prepayment of the fee is excused, he remains obligated to pay the full amount of the $350 filing fee. *See Cosby v. Meadors*, 351 F.3d 1324, 1326 (10th Cir. 2003) (noting that, although "indigent prisoners need not pay federal court prior fees in full prior to initiating litigation" under § 1915(b)(1), they ultimately "shall be required to pay the full amount of a filing fee") (quoting § 1915(b)(1)).

*B.  Plaintiff's Complaint Fails To State A Claim On Which Relief May Be Granted*

The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A at any time if the action is frivolous, malicious, or fails to state a claim on which relief may be granted. *See* §§ 1915(e)(2)(B), 1915A(b). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). The burden is on the plaintiff to

3

frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.*

Plaintiff is proceeding pro se and "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id.* At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*

No relief is available on Plaintiff's claims under 42 U.S.C. § 1983 against the New Mexico Department of Corrections. "A cause of action under [42 U.S.C. §] 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees of State Colleges of Colorado*, 215 F.3d 1168, 1172 (10th Cir. 2000). "[A] governmental entity that is an arm of the state for Eleventh Amendment purposes is not a "person" for section 1983 purposes." *Id.* (internal quotation marks and citation omitted). "In these circumstances, the barrier is not Eleventh Amendment immunity—'[t]he stopper [is] that § 1983 creates no remedy against a State." *Prokop v. Colorado*, 30 F. App'x 820, 821 (10th Cir. 2002) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997)). The New

Mexico Department of Corrections is an arm of the state and, therefore, it is not a "person" subject to suit under § 1983. Accordingly, Plaintiff's § 1983 claims against the New Mexico Department of Corrections will be dismissed with prejudice.

With respect to the unidentified John and Jane Doe defendants, "[c]ourts have generally recognized the ability of a plaintiff to use unnamed defendants so long as the plaintiff provides an adequate description of some kind which is sufficient to identify the person involved so process eventually can be served." *Roper v. Grayson*, 81 F.3d 124, 126 (10th Cir. 1996). Additionally, a § 1983 complaint that names multiple governmental actors must "make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (emphasis in original). Thus, "[w]hen various officials have taken different actions with respect to a plaintiff, the plaintiff's facile, passive-voice showing that his rights 'were violated' will not suffice. Likewise insufficient is a plaintiff's more active-voice yet undifferentiated contention that 'defendants' infringed his rights." *Pahls v. Thomas*, 718 F.3d 1210, 1225-26 (10th Cir. 2013). "Rather, it is incumbent upon a plaintiff to identify *specific* actions taken by *particular* defendants in order to make out a viable § 1983" claim. *Id.* (emphasis in original; internal quotation marks and citation omitted). Plaintiff's complaint fails to allege any facts from which the unknown defendants may be identified for service of process[1] and it fails to describe any specific actions taken by particular unknown defendants in violation

---

[1] In his complaint, Plaintiff states that "[n]ames, dates, and facts will be established during the discovery phase of this proceeding." [Doc. 1 at 3] Plaintiff may not use discovery, however, as a "fishing expedition." *Fisher v. Oklahoma Dep't of Corr. Unknown State Actor and/or Actors*, 213 F. App'x 704, 709 (10th Cir. 2007) (internal quotation marks and citation omitted) (unpublished); *see also Tottenham v. Trans World Gaming Corp.*, No. 00 Civ. 7697) (WK), 2002 WL 1967023, at *2 (S.D.N.Y. June 21, 2002) ("Discovery, however, is not intended to be a fishing expedition, but rather is meant to allow the parties to flesh out allegations for which they initially have at least a modicum of objective support.") (internal quotation marks and citation omitted). Instead, Plaintiff must allege facts in his complaint from which it is reasonable to infer that a particular individual, whether identified by name or not, has violated Plaintiff's constitutional rights.

of Plaintiff's constitutional rights. Accordingly, Plaintiff's § 1983 claims against the Jane and John Doe defendants will be dismissed without prejudice for failure to state a claim on which relief may be granted.

Plaintiff may be able to cure the deficiencies in his § 1983 claims against the Jane and John Doe defendants with more precise pleading and, therefore, the Court will grant Plaintiff thirty (30) days in which to file an amended complaint. Plaintiff's amended complaint must provide an adequate description that is sufficient to identify the Jane and John Doe defendants for service of process. Additionally, Plaintiff's amended complaint "must explain what each defendant did to him . . . ; when the defendant did it; how the defendant's action harmed him . . . ; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Failure to timely file an amended complaint may result in the dismissal of this action without further notice.

### III.  CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's § 1983 claims against the New Mexico Department of Corrections are DISMISSED with prejudice; and the New Mexico Department of Corrections is DISMISSED as a party to this action;

IT IS FURTHER ORDERED that Plaintiff's § 1983 claims against the Jane and John Doe Defendants are DISMISSED without prejudice; and Plaintiff is granted thirty (30) days from the date of entry of this Memorandum Opinion and Order in which to file an amended complaint;

IT IS FURTHER ORDERED that the Clerk of the Court is directed to mail to Plaintiff, together with a copy of this Memorandum Opinion and Order, a form § 1983 complaint, with instructions.

Dated this 8 day of January, 2018.

NANCY D. FREUDENTHAL
UNITED STATES DISTRICT JUDGE